ALVAREZ, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Lease with a Curable Defect.

No. 497.—Decided July 12, 1921.

RECORD OF TITLE—LEASE—CONDITION.—The fact that in a lease it is stipulated that the contract shall not become effective until a certain day does not justify the registrar in holding the contract to be subject to a suspensive condition.

ID.—APPEAL.—The right to appeal from the decisions of the registrars is not limited to cases where the documents are held to contain curable or incurable defects, but extends to all cases where the registrars refuse to give to the documents their full lawful effect.

ID.—CIVIL STATUS.—It being stated in the contract in connection with the civil status of the lessee that he is "married, but divorced," it is necessary to conclude that the registrar's decision pointing out as a curable defect "the failure to state the civil status of the lessee" is erroneous.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Cancio Ortiz and A. Emilio Alvarez entered into a certain contract for the lease of several rural properties. It was stated therein that the properties were at the time leased to another person and that that lease would continue in force until December, 1924, and that the new contract, made for a term of ten years, would become effective on that date. In the contract it was stated that the lessee was "married, but divorced."

The document having been presented for record in the registry, the registrar recorded it, but stated that the record was "subject to the suspensive condition therein contained," and assigned "the curable defect of failure to give the civil status of the lessee." From that decision the lessee took the present appeal.

The appellant maintains that the contract contains no suspensive condition, and, in our opinion, he is right. The lease was wholly perfected, except that it would become effective on a fixed date, which is not a suspensive condition within the meaning of the law. The registrar should have recorded the contract only in accordance with its terms and no more.

The registrar alleges that the foregoing question can not be considered in this appeal because, according to the law, an appeal can be taken only from a refusal to record or a suspension of the record. Perhaps if we were to consider only the Spanish text of the law we might be compelled to uphold the registrar's contention, but the English text is more complete and in accordance with its terms an appeal can be taken when the registrar refuses to give a document its full legal effect, which, it might be concluded, was the case here. See the Compilation of 1911, section 2180.

The curable defect does not exist. The contract states clearly everything that is necessary with regard to the civil

status of the lessee. It might have expressed only that he was divorced, or that he had been married and was then divorced, but we repeat that it is sufficient as it is, and therefore the registrar should not have complicated the title with a defect which in fact did not exist. The nature of the defects to which the law refers as incurable or curable appears from the law itself and from jurisprudence, and the said defects generally void the title or give notice to prospective purchasers that there is something in the title not entirely clear and which should be inquired into and cleared up before definitely contracting.

By virtue of all of the foregoing the decision appealed from must be reversed in so far as it refers to the suspensive condition and the curable defect therein mentioned.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.